IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MARILYN G. OSBORN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION 06-0664-WS-M |
| | ) |
| **HARTFORD FIRE INSURANCE** | ) |
| **COMPANY, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**ORDER**

This matter is before the Court on the motion of defendant Alabama Insurance Underwriting Association ("the Association") to stay or to dismiss. (Doc. 13). The parties have filed briefs and (by the Association) evidentiary materials in support of their respective positions, (Docs. 14, 15, 17, 20), and the motion is ripe for resolution. After carefully considering the foregoing and other relevant materials in the file, the Court concludes that the motion to stay is due to be granted and the motion to dismiss denied.

The plaintiff's home in Gulf Shores, which was insured as to wind by the Association, was damaged during Hurricane Ivan in September 2004. The plaintiff sues the Association for breach of contract (the policy) and bad faith. The Association argues that the plaintiff has failed to comply with a policy provision concerning exhaustion of certain non-judicial remedies.

The plaintiff's policy reads in pertinent part as follows:

> Any ... person insured by the Association may appeal to the Board of Directors within thirty (30) days after any ruling, action or decision of denial of any ... claim. ... A final decision by the Board of Directors of such appeal, may thereafter be appealed to the Alabama Commissioner of Insurance within thirty (30) days. No action can be brought unless the policy provisions have been complied with and the claim is started within one year after the date of loss.

(Doc. 15, Exhibit E at 11).[1]

The plaintiff has not invoked these non-judicial remedies.  She argues that she need not do so because the provision uses the term "may," which is commonly permissive rather than mandatory.  (Doc. 17 at 2-3).  However, "[i]nsurance contracts, like other contracts, are construed so as to give effect to the intention of the parties; and, to determine this intent, a court must examine more than an isolated sentence or term; it must read each phrase in the context of all other provisions."  *Celtic Life Insurance Co. v. McLendon*, 814 So. 2d 222, 224 (Ala. 2001).  Thus, where a policy provided that controversies "may be resolved by arbitration" but also provided that "arbitration shall be binding on the parties" and that the parties "are waiving their right to seek remedies in court," the policy unambiguously provided for mandatory arbitration;  the only option created by the word "may" was the option to abandon the controversy, not the option to pursue it in court.  *Id*. at 224-25.

The same is true here.  In the sentence directly after those on which the plaintiff relies, the policy provides that "[n]o action can be brought unless the policy provisions have been complied with." This language unambiguously reflects that resort to non-judicial appeals is a condition precedent to bringing suit and that the only option provided the insured by the word "may" is the option to abandon her claim.  The plaintiff offers no construction to the contrary.[2]

In its motion and principal brief, the Association expressed no preference as to

---

[1] Although the policy was not appended to the federal complaint, it may be considered without converting the Association's motion to dismiss into one for summary judgment.  "[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity."  *Maxcess, Inc. v. Lucent Technologies, Inc*., 433 F.3d 1337, 1340 n.3 (11th Cir. 2005).  The policy is of course central to the plaintiff's claims that the Association breached the policy and did so in bad faith, and the plaintiff does not dispute the policy's authenticity.

[2] Because the unambiguous language of the policy compels this conclusion, it is unnecessary to consider the Association's alternative argument that principles of administrative law require the plaintiff to pursue these appeals before resorting to litigation.

remedy.  In its reply brief, the Association suggests that the interests of judicial economy would be advanced by dismissal.  The Association's theory is that, if the action as to it is stayed, following the plaintiff's non-judicial appeals the Association will have to engage in discovery redundant with that undertaken by the other defendants in the interim.  (Doc. 20 at 1-2).  The Association does not explain how judicial economy is advanced by requiring the plaintiff to pursue two lawsuits over a single loss, and any redundant discovery by the Association will be redundant whether undertaken in this lawsuit or another one.  Moreover, even the risk of redundant discovery can be eliminated by staying this action as to the other defendants as well.  In this vein, it does not appear that the non-judicial appeals should require extensive time to complete, since the policy obligates the board of directors to resolve the first-level appeal within 30 days after it is filed.

       The Court agrees with the Association that it is premature to address its argument that any suit against it must be brought in the Circuit Court of Montgomery County.  (Doc. 20 at 3-4).  The Association may raise this argument again following the non-judicial appeals, but it should not expect to prevail absent briefing far more piercing than that offered on the present motion.

       For the reasons set forth above, the Association's motion to stay is **granted** and its motion to dismiss is **denied**.  This action as to all defendants is **stayed** pending further order of the Court.  The Association is **ordered** to file and serve, on or before the 20th day of every month, a status report reflecting the status of the plaintiff's non-judicial appeals.  Any settlement of the parties' dispute must be communicated promptly to the Court.

       DONE and ORDERED this 4th day of January, 2007.

                                            s/ WILLIAM H. STEELE
                                            UNITED STATES DISTRICT JUDGE