IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ESTATE OF MARILYN G. OSBORN, DECEASED, MAX OSBORN, EXECUTOR, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION 06-0664-WS-M |
| HARTFORD FIRE INSURANCE COMPANY, et al., | ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court on the motion of defendant Hartford Fire Insurance Company ("Hartford") to quash jury demand. (Doc. 57). The plaintiff elected not to respond. (Doc. 59).

The complaint alleges that Hartford issued a flood insurance policy on the plaintiffs' residence, which was destroyed by Hurricane Ivan. The complaint alleges causes of action against Hartford for breach of contract and bad faith. (Complaint, Counts II, VI).[1] Hartford points out that it issued a standard flood insurance policy as a "write-your-own" ("WYO") carrier under the National Flood Insurance Program, and it argues that the Seventh Amendment right to trial by jury does not extend to claims arising from such conduct.

The cases cited by Hartford, and others located by the Court, support Hartford's

---

[1] While the complaint demands judgment "against the Defendants jointly and severally" with respect to two claims of misrepresentation and one of negligence, (*id*., Counts III, IV, V), the body of the counts makes it plain that only the Ebert Agency is a defendant under these counts.

position with respect to claims for breach of contract.[2]  Certain of those cases, however, indicate that claims against a WYO carrier sounding in tort are triable by a jury.[3] Hartford has not acknowledged or attempted to distinguish these authorities, and the Court will not enter the thicket unaided.

For the reasons set forth above, Hartford's motion to quash jury demand is **granted** with respect to the plaintiff's claim for breach of contract and **denied** with respect to the plaintiff's claim for bad faith.

DONE and ORDERED this 24th day of September, 2007.

s/ WILLIAM H. STEELE<br>UNITED STATES DISTRICT JUDGE

---

[2] *See Evanoff v. The Standard Fire Insurance Co.*, 2007 WL 1577744 at *5 (N.D. Ohio 2007); *TAF, LLC v. Hartford Fire Insurance Co.*, 2007 WL 1346584 at *5 (D. Colo. 2007); *Reeder v. Nationwide Mutual Fire Insurance Co.*, 419 F. Supp. 2d 750, 766 (D. Md. 2006); *Chatmar, Inc. v. Bankers Insurance Co.*, 2005 WL 588511 at *3 (N.D. Cal. 2005); *Gallup v. Omaha Property & Casualty Insurance Co.*, 2004 WL 2435002 at *2 (E.D. La. 2004).

[3] *TAF*, 2007 WL 1346584 at *5; *Reeder*, 419 F. Supp. at 766; *Gallup*, 2004 WL 2435002 at *3-4; *Bleeker v. Standard Fire Insurance Co.*, 130 F. Supp. 2d 726, 737 (E.D.N.C. 2000).